COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




SALVADOR TERRAZAS,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00342-CR



Appeal from the


168th Judicial District Court 


of El Paso County, Texas 


(TC# 20070D02844) 



MEMORANDUM OPINION


 Salvador Terrazas attempts to appeal a conviction for aggravated sexual assault of a child,
and indecency with a child. Finding that Appellant has no right of appeal, we dismiss the appeal. 

 Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

 A defendant in a criminal case has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules. The trial court shall enter a
certification of the defendant's right of appeal each time it enters a judgment of
guilt or other appealable order. In a plea bargain case--that is, a case in which a
defendant's plea was guilty or nolo contendere and the punishment did not exceed
the punishment recommended by the prosecutor and agreed to by the defendant--a
defendant may appeal only:


 (A) those mattes that were raised by written motion filed and ruled on
before trial, or


 (B) after getting the trial court's permission to appeal.


Tex.R.App.P. 25.2(a)(2).


 Appellant filed a timely notice of appeal and the trial court's certification of the
defendant's right to appeal as required by Rules 25.2(a)(2) and 25.2(d). The trial court's
certification reflects that the appeal, "is a plea-bargain case, and the defendant has NO right of
appeal." The certification also reflects that Appellant waived the right of appeal. By letter dated
December 13, 2007, the clerk of this Court notified Appellant that the certification indicated that
he had no right of appeal in this case and requested a response. Appellant has not responded to
the Court's notice. Based on the trial court's certification that Appellant has no right of appeal in
this case, we dismiss the appeal.



January 31, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)